### HENRY A. JACKSON'S CASE.

Suffolk.    January 4, 1939. — April 11, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Contract*, Of employment.

A painter, hired and paid by a trust which owned many buildings, was an employee of the trust within G. L. (Ter. Ed.) c. 152, § 1 (4), and received an injury arising out of and in the course of his employment within § 26 when he fell while painting, at the direction of the trustee or his agent, a house owned personally by the trustee and his wife and customarily painted by employees of the trust.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation.

A decree in accordance with the board's decision was entered by order of *J. W. Morton,* J.    The insurer appealed.

*H. W. Hardy,* for the insurer.

*T. N. Foynes,* (*W. E. Carey* with him,) for the claimant.

LUMMUS, J.    Michael F. Phelan was one of two trustees under the will of his father James Phelan for the benefit of all the children of the latter and the issue of any deceased child, to hold until the death of the last surviving child.    The sixteenth paragraph of the will was as follows: "The trust estate will largely consist of real estate selected by me, and which I deem good permanent investments if properly cared for and kept in a high state of repair and I direct my trustees out of the income of the trust to keep all the real estate at all times in excellent repair and such as to attract the best class of tenants and to use the principal of the trust to make improvements in the same that will give in their judgment a good return in income or increase the value of the property."    On

April 12, 1937, the trust owned many parcels of improved real estate, including a shoe factory, a garage, a gasoline station, lodging houses, stores and tenement houses. Mr. Phelan took active charge of the real estate for the trustees. A boss painter named Jack Fitzgerald was regularly employed by the trust. Mr. Phelan instructed Edward Fitzgerald, the agent for the trust, to hire the employee Jackson for the trust to help in painting to be done in the spring of 1937, and Fitzgerald did so. The employee was set to work under the boss painter Jack Fitzgerald in painting a house on Ocean Street in Lynn, which was owned and occupied by Mr. Phelan and his wife and not by the trust, though the ownership was unknown to the employee. The employee was paid, to his knowledge, by the trust. Mr. Phelan expected to reimburse the trust for all work done on his house. It had been a common practice for Mr. Phelan and his cotrustee to have employees of the trust work on their several houses privately owned, and to reimburse the trust for what was done. While working on the house, on April 12, 1937, the employee fell from the roof of a bay window, and was hurt.

The Industrial Accident Board found that "the claimant became an employee of such [trust] estate and was required to do any work he was ordered to do by Michael Phelan, trustee of the estate, Edward Fitzgerald, agent, and Jack Fitzgerald, boss painter, . . . and that it was no part of his duty at any time to inquire into the ownership or control of any of the properties, tools or equipment on which he worked." The judge entered a decree awarding compensation, and the insurer appealed.

The employer that was insured was the "estate" which meant the trustees. Whether they had a right as between them and their *cestuis* to lend the labor and materials of the trust to themselves, reimbursing the trust later, is immaterial. The questions are, whether the employee received a personal injury "arising out of and in the course of his employment" (G. L. [Ter. Ed.] c. 152, § 26), and whether his employment was "in the usual course of the trade, business, profession or occupation of his employer."

G. L. (Ter. Ed.) c. 152, § 1 (4). Painting was clearly in the usual course of the business of these trustees. Indeed, by custom painting the house in question could be found to be within it. The employment was not to paint buildings owned by the trust, but to paint such buildings as the employee was ordered to paint. The trustees, who hired and paid the employee, had the right to direct his work, either personally or by agents. The case is not one of the loan of an employee, either with or without equipment. See *Howard's Case*, 218 Mass. 404. If the single member erred in resting his decision upon the conclusive presumption created by the last sentence of § 26, that error was cured by the findings of the board.

*Decree affirmed.*